# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Olga Malave,** | **Case No. 1:18cv2747** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Andrew Saul,** | |
| **Commissioner of Social Security,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant** | |

Currently pending is Plaintiff Olga Malave's Motion for Payment of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. No. 27.) The Commissioner of Social Security filed a response indicating that he does not object to Plaintiff's Motion. (Doc. No. 28.) For the following reasons, Plaintiff's Motion is granted.

**I.     Procedural History**

On November 28, 2018, Plaintiff filed a Complaint in this Court, challenging the Commissioner's denial of social security disability benefits. (Doc. No. 1.) After the Commissioner filed an Answer and Transcript of Proceedings before the Social Security Administration ("SSA"), Plaintiff filed her Brief on the Merits on April 10, 2019. (Doc. No. 15.) The Commissioner thereafter filed a Brief on the Merits, to which Plaintiff replied. (Doc. Nos. 17, 19.)

On October 22, 2019, Magistrate Judge Jonathan Greenberg issued a Report & Recommendation ("R&R") that the Commissioner's final decision be vacated and remanded for further proceedings. (Doc. No. 20.) On October 28, 2019, the Court adopted the R&R and vacated and remanded the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four. (Doc. No. 22, 23.)

On November 20, 2019, Plaintiff filed a Motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 24.) Shortly thereafter, on November 26, 2019, the parties filed a Joint Stipulation to Award EAJA Fees in the total amount of $6,743.00. (Doc. No. 25.) On that same date, the Court issued an Order awarding Plaintiff EAJA fees in the total stipulated amount of $6,743.00. (Doc. No. 26.)

Upon remand, the SSA determined that Plaintiff was disabled as of December 2012. (Doc. No. 27-1.) In a letter to Plaintiff dated November 9, 2020, the SSA notified Plaintiff that her past-due Social Security benefits were $82,287.00 for the period December 2012 through June 2020. (*Id*. at PageID# 1278.) This letter further advised that the SSA had "withheld $20,571.75 from your past due benefits in case we need to pay your representative." (*Id*.)

Plaintiff's counsel, Louise Mosher (hereinafter referred to as "Counsel"), now moves for an award of attorney fees in the amount of $10,571.75 pursuant to 42 U.S.C. § 406(b)(1). (Doc. No. 27.) Counsel attaches the following to the motion: (1) a contingency fee agreement between Plaintiff and Counsel dated November 27, 2018; (2) the November 9, 2020 letter from the SSA notifying Plaintiff of her award of benefits and the amount withheld for attorney fees; (3) an Affidavit from Counsel setting forth her background and experience in social security litigation, as well as her current hourly rate; and (4) Counsel's time records. (Doc. Nos. 27-1 through 27-4.)

On November 23, 2020, the Commissioner filed a response, indicating that he does not object to Plaintiff's Motion. (Doc. No. 28.)

## II. Legal Standard

Section 406(b) of Title 42 of the United States Code authorizes the Court to award attorneys' fees following the successful disposition of a Social Security disability appeal. Specifically, Section 406(b)(1)(A) provides for the payment of an attorney's fee from an award of benefits, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may...certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner. *Se*e *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). "The Court may award fees only for work performed before the Court and not before the Social Security Administration."[1] *Pendland v. Comm'r of Soc. Sec.*, 2011 WL 4891025 at * 1 (S.D. Ohio Sept. 21, 2011) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994)), *adopted by*, 2011 WL 4852480 (S.D. Ohio Oct. 13, 2011).

As the Supreme Court has explained, Section 406(b) requires judicial review as an "independent check" to ensure that attorneys' fees are reasonable under the circumstances of the particular case. *Gisbrecht*, 535 U.S. at 807. In determining reasonableness, the starting point is whether there is a contingency fee agreement between the claimant and counsel. *See Rodriquez v.*

---

[1] Section 406(a) governs fees for representation in administrative proceedings, while Section 406(b) controls fees for representation in court. *See Culbertson v. Berryhill*, 139 S.Ct. 517, 520 (2017); *Gisbrecht*, 535 U.S. at 794.

*Bowen,* 865 F.2d 739, 746 (6th Cir. 1989); *Lasley v. Comm'r of Soc. Sec.,* 771 F.3d 308, 3009 (6th Cir. 2014). If, as here, there is such an agreement, the Sixth Circuit accords a "rebuttable presumption of reasonableness to contingency-fee agreements that comply with 406(b)'s 25-percent cap." *Lasley*, 771 F.3d at 309 (citing *Rodriquez,* 865 F.2d at 746). *See also Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991)). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. *See also Britton v. Comm'r of Soc. Sec.*, 2018 WL 4335595 at * 1 (N.D. Ohio Sept. 11, 2018).

The Sixth Circuit has held that deductions to large fees are only made in two situations: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez,* 865 F.2d at 746. *See also Hayes*, 923 F.2d at 420–421. Courts may also consider other relevant factors including the extent of counsel's services, the amount of time counsel spent on the case, the results achieved, and counsel's fees in other cases. *See Gisbrecht*, 535 U.S. at 794; *Bullock v. Comm'r of Soc. Sec.*, 2020 WL 264258 at * 2 (N.D. Ohio Jan. 17, 2020). As explained in *Hayes,* "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes,* 923 F.2d at 422.

Finally, where an attorney has received an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") and subsequently seeks fees under § 406(b), the attorney must return the lesser of the two awards to the plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989); *Bullock*, 2020 WL 264258 at * 2.

**III.     Analysis**

In the instant case, Plaintiff executed a "Fee Agreement" with Counsel in November 2018 in which she agreed (in relevant part) as follows: "I agree that if my claim is approved and allowed for payment of benefits, the attorney fees shall be 25% of the past due benefits paid to me and/or my dependents. I understand that the SSA will withhold 25% of the past due benefits for direct payment to the attorneys." (Doc. No. 27-4.) As set forth above, here, the SSA withheld $10,571.75 (or approximately 25%) from Plaintiff's past due benefit award of $82,287.00. (Doc. No. 27-1 at PageID# 1278.)

Counsel represents that she performed a total of 38.50 hours of work before this Court on behalf of Plaintiff. (Doc. No. 27 at p. 4; Doc. No. 27-3.) She requests $10,571.75 in attorney fees to be paid from the amount withheld from Plaintiff's past due benefits, which constitutes approximately 12.8 % of the total past due benefits award.[2] Given the total number of hours worked, the fee award sought by Counsel translates into a hypothetical hourly rate of approximately $274.59.[3] (Doc. No. 27 at p. 4.) Counsel notes that this is well below her current hourly rate of $350. (*Id.*) *See also* Doc. No. 27-2 at ¶ 6. The Commissioner does not object. (Doc. No. 28.)

For the following reasons, Plaintiff's Motion for Attorney Fees is granted. The proposed fee award of $10,571.75 is well below the 25% cap set forth in both Section 406(b) and the parties' Fee

---

[2] Counsel also notes that, in addition, "Attorney Paula Goodwin is seeking approval from Social Security to change [sic] a fee of $10,000." (Doc. No. 27 at p. 1.) Although not entirely clear, the Court interprets this statement as indicating that Ms. Goodwin is applying to the SSA for fees under Section 406(a) for services performed at the administrative level.

[3] The Court arrives at this figure by dividing the total amount sought (i.e., $10,571.75) by the numbers of hours worked (38.50).

5

Agreement. There is no evidence of improper conduct or ineffective representation by counsel in this case. Further, as noted above, the fee award sought by Counsel translates into a hypothetical hourly rate of $274.59. Courts in this District have previously determined that an hourly rate of up to $350 is an appropriate upper limit in awarding attorney fees pursuant to Section 406(b). *See, e.g., Woodberry v. Comm'r of Soc. Sec.,* 2017 WL 3873735 at * 2 (N.D. Ohio Sept. 5, 2017); *Hayes v. Comm'r of Soc. Sec.,* 2015 WL 4275506 at * 3 (N.D. Ohio July 14, 2015); *Lucky v. Colvin*, 2014 WL 3748930 at * 3 (N.D. Ohio July 29, 2014); *Koprowski v. Comm'r of Soc.* Sec., 2013 WL 29804 at * 2 (N.D. Ohio Jan. 2, 2013). Thus, the Court concludes that the proposed fee award does not constitute a windfall to counsel and is reasonable. *See Hayes*, 923 F.2d at 421-422.

However, as acknowledged in Plaintiff's Motion, Counsel may not retain both the EAJA award and an award under § 406(b). As the Supreme Court noted in *Gisbrecht*, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht,* 535 U.S. at 796 (citations omitted). In other words, "[i]n the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Tharp v. Comm'r of Soc. Sec.,* 2011 WL 3438431 at * 8 (S.D. Ohio, Aug. 5, 2011) (citing *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir.1989)).

Accordingly, while the Court finds Counsel's request for a contingency fee award in the amount of $10,571.75 is reasonable and appropriate, Counsel is directed to refund $6,743.00 (the amount previously awarded under the EAJA in this case) to Plaintiff.

6

### IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion for Attorney Fees under Section 406(b) (Doc. No. 27) in the amount of $10,571.75 is granted. Plaintiff's Counsel, however, is directed to refund $6,743.00 to Plaintiff, the amount previously awarded for attorney fees under the EAJA.

**IT IS SO ORDERED.**

Date: December 3, 2020

  s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE